Submitted on record and briefs May 29, affirmed August 21, decision vacated, conviction vacated and appeal dismissed pursuant to ORAP 8.05(2) by order dated September 24, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS JOHN DAVID ABERCROMBIE,
*Appellant.*

(CF-89-254; CA A63084)

816 P2d 656

David E. Groom, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals his convictions for first and second degree sodomy. ORS 163.405; ORS 163.395. He argues that the trial court erred in granting the state's pretrial motion to quash his subpoenas of grand jury members to appear as witnesses at trial. We affirm.

■ Defendant was originally charged with sodomy by an indictment in September, 1988, which was later dismissed. The indictment alleged that defendant had sodomized the victims "on or between May 1, 1987 and October 1, 1987." He was later charged by information that he had sodomized the older victim "on or between September 5, 1986 and September 7, 1986," and that he had sodomized the younger victim "on or during July, 1986." Defendant sought to subpeona members of the grand jury. The trial court quashed the subpoenas, because "it is my feeling that the possibility of inconsistent testimony is so remote * * *."

Defendant argues that the court erred in denying him the opportunity to question members of the grand jury regarding the discrepancy in dates. *See* ORS 132.220(1).[1] The state argues that the grand jury testimony would have been inadmissible as impeachment on a collateral matter, because the dates on which the incidents occurred were material to proof of defendant's guilt only with respect to the Statute of Limitations and the ages of the victims. Defendant makes no argument regarding either of those issues. At trial, his position was that no act of sodomy occurred.

The court had no record of the grand jury testimony on which it could have based its ruling that there was only a remote possibility of inconsistent testimony.[2] The dates when the crimes occurred would be relevant, arguably, if for no other reason than to test the recollection of the complaining witnesses. *See* OEC 401. After the victims had testified,

---

[1] ORS 132.220(1) provides:

"A member of a grand jury may be required by any court to disclose:

"(1) The testimony of a witness examined before the grand jury, for the purpose of ascertaining whether it is consistent with that given by the witness before the court."

[2] At the time of its ruling, the court had only the prosecutor's representations regarding the testimony before the grand jury.

defendant was entitled under ORS 132.220(1) to make a record as to why testimony by grand jury members was relevant. *See State v. Hartfield,* 290 Or 583, 624 P2d 588 (1981). The subpoenas would have guaranteed their availability for that purpose. The trial court erred when it quashed the subpoenas before it had heard the victims' testimony and before defendant had an opportunity to make an offer of proof.

■     We next consider whether the trial court's error was prejudicial. OEC 103(1) provides:

> "Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

A substantial right of a criminal defendant is not affected if there is substantial and convincing evidence of guilt and little likelihood that the error affected the result. *State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987).

■     Defendant's assignment of error focuses only on the introduction of grand jury testimony regarding the *dates* of the incidents. He makes no claim that he wanted to question the jurors generally about each victim's testimony. Each victim testified with reference to specific events, rather than dates. They testified that they did not know whether the events occurred in 1986 or 1987.[3] Defendant fully cross-

---

[3] On cross-examination by defendant's attorney, the older victim testified:

"Q  Do you remember testifying before the grand jury?

"A  Yes.

"Q  Did you tell the grand jury that these events occurred in 1987?

"A  No.

"Q  You didn't tell them that?

"A  (No audible response.)"

On re-direct examination, the prosecutor asked:

"Q  When you testified at the grand jury, did you know what year this had happened?

"A  No.

"Q  How did you know what days or when it happened? Just because of the trip. Right?

"A  Yes.

"* * * * *

examined both victims about the dates of the incidents, questioned other witnesses about the dates of the events and introduced evidence of the discrepancy between the dates in the indictment and the dates in the information. In that light, we hold that the error in quashing the subpoenas was harmless.

"Q  Did you know if it was 1986 or 1987?

"A  No.

"Q  So the only thing you knew was that it was at the time that it happened when you went to Seattle?

"A  Yes.

"Q  Did you know what month it was? Did you know what month it happened in?

"A  It was around September when school started.

"Q  So you knew what month, but you didn't know what year. Right?

"* * * * *

"A  Yes."

On direct examination, the prosecutor questioned the younger victim:

"Q  Okay. Now, when you talk about this fishing incident, do you know when that happened?

"A  I believe it was around July.

"Q  Do you know exactly what year? Do you remember how old you were?

"A  I believe it was '86 or '87. Something like that. I'm not sure of the exact year."

On cross-examination, the younger victim testified:

"Q  Do you remember talking to the grand jury?

"A  Yes.

"Q  Do you remember telling them that this occurred in 1987?

"A  No."

On re-direct examination, the prosecutor asked:

"Q  And when you testified before the grand jury and when we talked in the office and when you talked with Carol and Ken, how did you figure out when this happened? How did you figure out exactly when this happened?

"A  Because I knew it was my ankle—when I had my ankle. Then my mom and dad started going back through my doctor's bill for that hospital.

"Q  So you didn't know the date. All you knew was that it happened about your ankle. Right?

"A  Yes.

"* * * * *

"Q  Did you ever tell them it happened in 1986?

"A  No.

"Q  Did you ever tell anybody it happened in 1986?

"A  No."

Defendant's remaining assignments of error do not warrant discussion.

Affirmed.